IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY O'ROURKE, | ) Case No. 1:19-cv-1437 |
| Plaintiff, | ) |
| v. | ) |
| AETNA LIFE INSURANCE COMPANY; NATIONWIDE MUTUAL INSURANCE COMPANY; and NATIONWIDE INSURANCE COMPANIES AND AFFILIATES PLAN FOR YOUR TIME AND DISABILITY INCOME BENEFITS, | ) |
| Defendants. | ) |

## COMPLAINT

Now comes the Plaintiff, GARY O'ROURKE, by his attorneys, THE LAW OFFICES OF MICHAEL BARTOLIC, LLC, and complaining against the defendants, NATIONWIDE MUTUAL INSURANCE COMPANY and AETNA LIFE INSURANCE COMPANY, he states:

### NATURE OF THE ACTION

1. This case is about a long-term disability plan that found Plaintiff totally disabled and eligible for benefits, and then attempted to revise the decision to deny benefits based entirely on a misrepresentation of the plan's terms by omitting a key word from the clause upon which the denial was based.

2. The employer terminated Plaintiff's employment the day before LTD benefits would have begun, and the Plan attempted to use that termination to deny coverage under the Plan. However, the Plan misrepresented the Plan clause by omitting the term "voluntarily," to make the Plan seem as if Plaintiff lost coverage due to the employer's unilateral termination of

his employment, when the actual Plan terms require the termination have been voluntary by Plaintiff.

3. This is a claim seeking payment of long-term disability ("LTD") benefits under the Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits (See Exhibit 1).

4. This action is brought pursuant to 29 U.S.C. § 1132(a)(1)(B), under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff also seeks costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is based upon ERISA, and in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). Those provisions give the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132(a). In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions that arise under the laws of the United States, and 28 U.S.C. § 1367.

6. The ERISA venue statute makes venue proper in any judicial district in which the breach occurred, the plan is administered, or where any defendant can be found. At all relevant times, Plaintiff lived within the Northern District of Illinois, making this the situs of the breach. Venue is thus proper in this district. 29 U.S.C. § 1132(e)(2).

7. ERISA provides, at 29 U.S.C. § 1133, a mechanism for administrative appeals of benefit denials, and those avenues of appeals have been properly exhausted.

## THE PARTIES

8. Plaintiff, GARY O'ROURKE (hereinafter "O'Rourke" or "Plaintiff"), is a former employee of Nationwide Mutual Insurance Company (hereinafter "Nationwide"). This claim

relates to benefits and rights with respect to the Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits (hereinafter "the Plan"). Incident to his employment with Nationwide Mutual Insurance Company, O'Rourke received coverage under the Plan as a participant, as that term is defined by 29 U.S.C. § 1002(7).

9. NATIONWIDE INSURANCE COMPANIES AND AFFILIATES PLAN FOR YOUR TIME AND DISABILITY INCOME BENEFITS ("the Plan") is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1), which provides, among other things, short-term and long-term disability income benefits for participants who are disabled. A copy of the Plan and its amendments is attached as Exhibit 1.

10. Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna"), is a claims review fiduciary of the Plan and determines eligibility for benefits under the Plan when a claim is made. Aetna reviewed Plaintiff's benefit claims and appeals of its benefits denials in this case.

11. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY ("Nationwide") is the employer that sponsors the Plan. In addition, while the Plan has a Master Trust holding funds for the benefit of payable claims, Nationwide pays benefits to eligible participants through its payroll system. Upon information and belief, the Master Trust pays the funds back to Nationwide, and Nationwide then pays benefits out of its general assets. This practice renders the Master Trust effectively a savings account while benefits are paid from the general assets of Nationwide. Thus, any liability for long-term disability benefits will be borne by Nationwide.

## STATEMENT OF FACTS

12. O'Rourke is a participant under the plan. As a participant, he was entitled to benefits set forth in the governing long-term disability insurance plan.

13. O'Rourke stopped working at Nationwide on March 11, 2016 due to Chronic Fatigue Syndrome. On March 14, 2016, the plan approved O'Rourke's claim for short-term disability benefits.

14. Aetna did not make a decision on whether O'Rourke was entitled to long-term disability benefits at that time.

15. After O'Rourke insisted on processing his long-term disability claim, on June 19, 2018, Aetna denied Plaintiff's claim for LTD benefits. (Ex. 2).

16. On December 14, 2018, Plaintiff submitted an appeal pursuant to the Plan's review procedures, which included numerous pieces of evidence proving O'Rourke could not perform any work and satisfied the definition of disability and all plan requirements to receive benefits. He included a two-day functional capacity evaluation showing his inability to work on a consistent basis.

17. While the review was pending, O'Rourke also provided evidence of his approval for Social Security disability benefits by an Administrative Law Judge of the Social Security Administration, establishing O'Rourke has been disabled from any substantial gainful activity dating back to when O'Rourke stopped working at Nationwide in March 2016.

18. On January 7, 2019, Aetna reviewed Plaintiff's appeal and all supporting evidence and rendered a decision (Exhibit 3) to overturn the original decision stating, "We've reviewed all of the information in the claim file and decided the clinical information received meets compliance as it corroborates your client was functionally impaired as of 09/19/2016."

19. Prior review of short-term disability established O'Rourke was continuously disabled from March 2016 until September 19, 2016, so with this decision there was no remaining disagreement that O'Rourke has been continuously disabled from the day he stopped working at Nationwide to the present.

20. On February 8, 2019, O'Rourke received a letter from Aetna, purporting to be dated January 28, 2019, that asserted it was a "revised" decision on O'Rourke's appeal of the long-term disability denial. The letter stated that although O'Rourke met the definition of disabled continuously since he stopped working at Nationwide, O'Rourke was not eligible to be paid long-term disability benefits because Nationwide terminated O'Rourke's employment on September 30, 2016. (Ex. 4).

21. Specifically, the letter cited Plan § 6.06(e) to state that an Active Associate's coverage ends upon: "the date of termination, if an Active Associate terminates employment with an employer."

22. The letter misquotes the Plan, however. Plan § 6.06(e) states "the date of termination, if an Active Associate *voluntarily* terminates employment with an employer." (emphasis added). The discrepancy appears below.

The denial letter states:

> 6.06 - Termination of Basic LTD Coverage
> The Active Associate's coverage will end on the first to occur of the following:
> (e) the date of termination, if an Active Associate terminates employment with an Employer".

But the Plan actually states in § 6.06(e):

> (e) the date of termination, if an Active Associate voluntarily terminates employment with an Employer.

23. Aetna reasoned because Nationwide terminated O'Rourke's employment, that O'Rourke lost coverage. However, that interpretation is wrong because it hinges on a misquotation of the Plan that inexcusably omits the word "voluntarily."

24. O'Rourke never voluntarily terminated his employment. Nationwide terminated his employment as part of a job elimination. (Ex. 5).

25. No previous correspondence Aetna sent to O'Rourke took 11 days to arrive via post.

26. Upon information and belief—easily confirmed or dispelled by metadata of the native file of the purported January 28, 2019 letter—that letter was not written on January 28, 2019 as represented, but instead dated back to that date so as to appear Aetna rendered the decision within 45 days of receiving O'Rourke's appeal.

27. At no time within 45 days of receiving O'Rourke's appeal on December 14, 2018 did Aetna request an extension of time to render a decision on O'Rourke's appeal.

28. The only decision Aetna made within the 45 days allowed under ERISA's regulations was to overturn the denial of O'Rourke's long-term disability claim.

29. On February 15, 2019, Aetna sent O'Rourke a revised version of the revised appeal denial letter, backdated to February 12, 2019, this time adding in language about exhausting administrative remedies, triggering O'Rourke's right to file a lawsuit regarding benefits. (Ex. 6).

30. Aetna's decision to deny benefit payments to Plaintiff was contrary to the terms of the Plan.

31. All administrative remedies and conditions precedent have been satisfied and this claim for benefits is ripe for adjudication.

WHEREFORE, Plaintiff prays from the following relief:

A. That the Court enter judgment in favor of Plaintiff and against all Defendants, and award Plaintiff all past due benefits and declare his right to reinstatement of the benefits in the amount equal to the contractual amount of benefits to which he is entitled retroactively and prospectively; and

B. That the Court order Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court award Plaintiff his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit; and

D. That the Plaintiff recovers any and all other relief to which he may be entitled.

Respectfully Submitted,

/s/ Michael Bartolic
One of the Attorneys for the Plaintiff

Michael Bartolic
The Law Offices of Michael Bartolic, LLC
208 S. LaSalle Street, Suite 1420
Chicago, Illinois 60604
Tel: 312-635-1600
Fax: 312-635-1601
mbartolic@michaelbartolic.com